## STATE ex HUBER v INDUST COMM

Ohio Appeals, 2nd Dist, Franklin Co

No 2116. Decided Jan 26, 1932

Hamilton & Kramer and Arthur W. Wiles for relator.

Gilbert Bettman, Attorney General, Columbus, and R. R. Zurmehly, Columbus, for defendant.

ALLREAD, J.

Sec 871-50 GC provides:

"No court of this state except the Supreme Court to the extent specified by this act, shall have jurisdiction to review, vacate, set aside, reverse, revise, correct, amend or annul any order of the Industrial Commission of Ohio, or to suspend or delay the operation or execution thereof or to enjoin, restrain or interfere with the commission in the performance of its official duties, provided that the writ of mandamus shall lie from the said Supreme Court to the Commission in all proper cases."

We think it clearly appears from this section that if the Industrial Commission fails in any of the duties specified in said section the only application for relief must be in the Supreme Court. The injunction is specifically against any other court from interfering by way of mandamus.

It is true that the relator seeks to lay the foundation for an appeal to the Court of Common Pleas. This is specifically provided for in the statutes governing the jurisdiction of the Industrial Commission. If an appeal is taken the evidence of the Industrial Commission must be certified to the Court of Common Pleas, and the case is heard upon such evidence.

It would seem that the right of the injured person to prosecute his appeal depends upon the action of the Commission upon the rehearing and the certification of the evidence therein taken, but in view of the broad language of §871-50 GC, we think that the Court of Appeals is prohibited from entertaining a writ of mandamus to interfere with the action of the Commission. If said Commission does not act in all respects properly the remedy is by appeal to the Supreme Court, either under §§871-38 or 876-40 GC. The case of Slattmeyer v Industrial Commission, 115 Oh St, 654 does not support the view that the Court of Appeals has jurisdiction to review an order of the Commission in the present case.

We are therefore of opinion that the demurrer interposed by the Attorney General should be sustained.

Demurrer sustained and final judgment rendered.

KUNKLE and HORNBECK, JJ, concur.